UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD H. BEHRMANN,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ABB, Inc, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. 3:20-cv-5685-RJB<br><br>ORDER ON DEFENDANT MERIDEN MOLDED PLASTIC'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Meriden Molded Plastic, Inc.'s Motion for Summary Judgment ("Defendant" or "Meriden").  Dkt. 177.  Plaintiff alleges both that asbestos contained in products manufactured by Defendant caused his mesothelioma and that Defendant is liable for failure to warn about the dangers of asbestos.

The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.  Defendant's motion should be denied, without prejudice.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

**A. FACTS**

Plaintiff, Ronald H. Behrmann, worked on ships for nearly 30 years.  Dkts. 177 and 194.  First, while serving in the U.S. Navy, and later while working in the Todd and Lockheed

ORDER ON DEFENDANT MERIDEN MOLDED PLASTIC'S MOTION FOR SUMMARY JUDGMENT - 1

Shipyards in Seattle, Washington. *Id.* Plaintiff now has mesothelioma and brings this action against various companies, including Meriden, arguing that asbestos in their products caused it. The facts here will be limited to alleged exposure from products manufactured by Meriden.

Plaintiff joined the U.S. Navy in 1958 and served as an electrician's mate until 1962. Dkt. 194. He then worked for a brief time at the Todd Shipyard and from 1962 until he retired in 1988 at the Lockheed Shipyard. *Id.* Plaintiff began at Lockheed as a Journeyman electrician. As a journeyman, he worked on electrical components on various ships at Lockheed, including switching devices, circuit breakers, control panels, and other devices that include a part called an arc chute, some of which contained asbestos. Plaintiff was promoted numerous times and as a supervisor, although he no longer worked directly on electrical devices, he continued to work near and to supervise others working on devices containing arc chutes. Mr. Behrmann continued to work primarily on ships in this supervisory capacity until the early 1980s when he was again promoted, and his duties shifted to long-range planning.

Meriden manufactures arc chutes. Dkt. 177. Arc chutes are a component part used within other equipment, so Plaintiff does not allege that Meriden sold these parts directly to Lockheed. Instead, Plaintiff asserts that other companies, including co-Defendants General Electric, Square D, Cutler Hammer, and ABB, used Meriden asbestos-containing arc chutes in their products, which were then sold to Lockheed, where Plaintiff was exposed over the course of his career. Dkt. 194 at 7.

**B. PENDING MOTION**

In the pending motion Defendant moves for summary judgment. Dkt. 177. As a threshold issue, Defendant argues that maritime law applies. Defendant also moves for summary judgment, arguing that Plaintiff cannot meet its burden either to show that Defendant caused his mesothelioma or that it is liable for failure to warn. Plaintiff responded in opposition, arguing

Washington State law applies and that he has met both burdens.  Dkt. 194.  Plaintiff requests that if the Court disagrees, it defers ruling on the motion for summary judgment until the close of discovery pursuant to Fed. R. Civ. P. 56(d).  *Id.*  Defendant replied, arguing that Plaintiff has not produced any evidence to establish that he worked on Meriden arc chutes and that he fails to state particular facts expected from discovery to justify delaying the motion for summary judgment.  Dkt. 199.

## II. DISCUSSION

### A. CHOICE OF LAW

Maritime law applies when the tort at issue meets both (1) the locality test and (2) the connection test.  *See Taghadomi v. United States*, 401 F.3d 1080, 1084 (9th Cir. 2005).  The locality test "in the case of asbestos-related disease arising from work on or around ships . . . is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters."  *Cabasug v. Crane Co.*, 956 F. Supp. 2d 1178, 1187 (D. Haw. 2013) (quoting *Connor v. Alfa Laval, Inc.*, 799 F. Supp. 2d 455, 466 (E.D. Pa. 2011)).  "[V]essels in drydock are still considered to be 'navigable waters' for purposes of admiralty jurisdiction."  *Nelson v. Air & Liquid Sys. Corp.*, 2014 WL 6982476, at *2–3 (W.D. Wash. 2019) (quoting *Cabasug*, 956 F. Supp. 2d at 1187, n.11).  In this matter, the locality test is satisfied because Plaintiff's alleged asbestos exposure occurred while working on ships at the Lockheed shipyard.  Dkt. 180 at 4–6.

The connection test considers (1) "'the general features of the type of incident involved' to determine whether the incident has 'a potentially disruptive impact on maritime commerce,'" and (2) "whether 'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'"  *Taghadomi*, 401 F.3d at 1084 (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995)).

The first factor is met because the general features at issue are unsafe working conditions, which have a potentially disruptive impact on maritime commerce. *See Cabasug*, 956 F. Supp. 2d at 1188. The second factor is met because the general character of installing, maintaining, repairing, and otherwise manipulating equipment to ensure the proper functioning of a ship has a substantial relationship to traditional maritime activity. *See id.* at 1190.

Plaintiff, however, asserts that "the party seeking to apply maritime law bears the burden of showing that it conflicts with Washington State law before it can apply here." Dkt. 194 at 10; (citing *Stevens v. CBS Corp.*, 2012 WL 5844704, at *2 (W.D. Wash. 2012). This authority derives from a Third Circuit wrongful death lawsuit that held, "general maritime law does not preempt state law wrongful death acts in actions based on the death of a nonseaman in territorial waters. . . ." *Calhoun v. Yamaha Motor Corp., U.S.A.*, 40 F.3d 622, 644 (3rd Cir. 1994); *aff'd*, 516 U.S. 199 (1996). Plaintiff's citation is more accurately attributed to the principle that "state law may supplement maritime law when maritime law is silent or where a local matter is at issue, but state law may not be applied where it would conflict with federal maritime law." *Id.* at 627 (quoting *Floyd v. Lykes Bros. Steamship Co.*, 844 F.2d 1044, 1047 (3rd Cir. 1988)).

Therefore, Maritime law should apply because the issue here is whether to apply maritime law at all and the facts satisfy both the locality and connection tests.

**B. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue

of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**C. PLAINTIFF FAILS TO SHOW GENUINE ISSUES OF MATERIAL FACT**

Under maritime law, the plaintiff must demonstrate "that the injured person had substantial exposure to the relevant asbestos for a substantial period of time." *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1176 (9th Cir. 2016). Essentially, "there must be 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" *Id.* (quoting *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005)). Plaintiffs may not survive summary judgment by simply presenting general evidence that the defendant's products possibly exposed them to asbestos. *McIndoe*, 817 F.3d at 1176. Instead, a plaintiff must provide some evidence about the amount and the duration of exposure to the relevant asbestos. *Id.* Summary judgment is appropriate when a plaintiff fails present that evidence. *Id.*

Plaintiff does not meet this standard. He provides only general evidence that he may possibly have been exposed to asbestos from Defendant's arc chutes and no evidence about the amount or duration of such exposure.

However, Pursuant to Fed. R. Civ. P. 56(d), a court may defer considering a motion "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ."

Plaintiff declares that critical information has not yet been disclosed. Dkt. 194. Plaintiff asserts that the outstanding information will include a complete list of Meriden's customers and the models of arc chutes sold to customers that supplied Lockheed, the models of arc chutes used in electrical equipment supplied to Lockheed by those customers, and more information from co-workers and corporate representatives about arc chutes at Lockheed. *Id.* Plaintiff's declaration, filed more than a month before the February 22, 2021 motions deadline, includes "specific facts it hopes to elicit from further discovery." *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2018) (discussing former Rule 56(f)).

Therefore, the Court denies Defendant's motion for summary judgment without prejudice pursuant to Fed. R. Civ. P. 56(d)(1).

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant's motion for summary judgment (Dkt. 177) **IS DENIED, WITHOUT PREJUDCE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of January, 2021.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge