UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD H. BEHRMANN,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ABB, INC., *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C20-5685 RJB<br><br>ORDER GRANTING DEFENDANT PROPULSION CONTROLS ENGINEERING'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Propulsion Controls Engineering's ("PCE") Motion for Summary Judgment. Dkt. 214.  The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.  Oral argument is unnecessary.

## I.  RELEVANT FACTS AND PROCEDURAL HISTORY

**A. FACTS**

The facts are not disputed.  Mr. Behrmann worked on ships for nearly 30 years, first in the Navy and later at the Todd and Lockheed ("Lockheed") shipyards.  Dkts. 214 and 271.  He

ORDER GRANTING DEFENDANT PROPULSION CONTROLS ENGINEERING'S MOTION FOR SUMMARY JUDGMENT - 1

was exposed to asbestos both by products he directly worked on and by products others worked on near him. *Id.*

PCE provided engineering services (subcontractors) to Lockheed. *Id.* The Parties agree that PCE did not provide asbestos-containing products to Lockheed. *Id.* Plaintiff alleges, however, that PCE is liable because its employees worked on equipment containing asbestos near him, which exposed him to asbestos dust and caused his mesothelioma.

The sole issue in this motion is whether Plaintiff can show that PCE is legally responsible for exposing him to asbestos dust that came from products it neither manufactured, nor supplied.

**B.  PENDING MOTION**

As discussed in previous orders, maritime law applies to this case. (Dkts. 211, 219, 281). Both parties argue this motion under Washington law, but the outcome of the motion does not change under either Washington or maritime law. Defendant's motion should be granted and Plaintiff's claims against PCE should be dismissed.

## II.    DISCUSSION

**A.  SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").

## B. PRODUCTS LIABILITY

To the extent that he intends to bring a products liability claim, PCE's motion for summary judgment should be granted because Plaintiff does not provide any evidence that PCE manufactured or distributed asbestos-containing *products*. *See McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016).

## C. NEGLIGENCE

As with all negligence claims, a plaintiff claiming negligence in an asbestos case must demonstrate the elements of negligence. *See Hoyt v. Lockheed Shipbuilding Co.*, 3:20-cv-1648, 2013 WL 3270371 at *2 (W.D. Wash. 2013). Accordingly, a plaintiff must show that the defendant owed a duty not to expose the plaintiff to asbestos fibers, breach of this duty, and that the breach caused plaintiff's injury. *Id*.

Plaintiff does not produce sufficient evidence to support his claim of negligence. Assuming PCE owed Plaintiff a duty, there is no evidence that it breached its duty or, assuming it did breach a duty, that its breach caused Plaintiff's injury. Instead of providing such evidence, Plaintiff relies on inapposite case law considering claims against manufactures of asbestos-containing products to argue his claim survives because PCE employees worked on asbestos-containing products in his vicinity. *See* Dkt. 271. While such evidence of possible exposure may be sufficient in a products liability claim, it does not alone create a genuine issue of material fact of negligence.

PCE's motion for summary judgment on Plaintiff's claim of negligence should be granted.

ORDER GRANTING DEFENDANT PROPULSION CONTROLS ENGINEERING'S MOTION FOR SUMMARY JUDGMENT - 3

**D. OTHER CLAIMS**

Defendant also moves for summary judgment on Plaintiff's claims of premises liability, conspiracy, and loss of consortium. Dkt. 214.

Plaintiff concedes that he does not bring claims of premises liability and conspiracy against PCE. Dkt. 271 at 16. Furthermore, Plaintiff cannot bring a claim for loss of consortium on his own behalf, *see Christie v.* Maxwell, 40 Wn. App. 40, 44 (1985), and leave to amend to add a family member to bring this claim would be futile because Plaintiff cannot show that PCE committed a legal wrong against him, *see Francom v. Costco Wholesale Corp.*, 98 Wn. App. 845, 870 (2000).

Defendant's motion for summary judgment on this issue should be granted.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Propulsion Controls Engineering's Motion for Summary Judgment **IS GRANTED**;
- Defendant Propulsion Controls Engineering is dismissed from this matter.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of March, 2021.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge